IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DELORES RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 1:19-cv-655-ECM |
| | ) | (WO) |
| TOWER LOAN OF MISSISSIPPI, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff Delores Riley ("Riley") filed this action against defendant Tower Loan of Mississippi, LLC ("Tower Loan") alleging that she had been discriminated against based on her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*. She also brings a state law claim of breach of contract. She seeks compensatory and punitive damages, injunctive relief, and attorney fees. The court has jurisdiction over the federal claim pursuant to the jurisdictional grant in 42 U.S.C. § 2000e-5, and supplemental jurisdiction of the state law claim pursuant to 28 U.S.C. § 1367.

This action is now pending before the court on the parties' joint motion to compel arbitration (doc. 13) filed on November 21, 2019. The "parties agree that the claims alleged in this suit fall within the scope of a valid arbitration agreement that was entered in interstate commerce, such that the FAA applies." (*Id.* at 1, para. 4). The parties ask the Court to enter an order staying this case or dismissing the action without prejudice. (*Id.* at 2, para. 5). Upon consideration of the motion, and for the reasons that follow, the court

concludes that the motion to compel arbitration should be granted, the motion to dismiss should be granted and the motion to stay should be denied.

## FACTS

For the purpose of the motion to compel arbitration, the following facts are undisputed. On March 12, 2018, Riley became an employee of Tower Loans in Dothan, Alabama. On that date, she signed an Employment Agreement with Tower Loans that contains an arbitration provision. (Doc. 13, Ex. 1, para. 5)

The arbitration agreement provides as follows:

> 5. Except for the equitable relief authorized by paragraph 4[1] hereto, the parties shall submit all other disputes, legal or otherwise, relating to or in any way concerning either the employment relationship or this Agreement to binding arbitration. The arbitrable issues include, but are not limited to, the scope of arbitration; the interpretation and construction of this Agreement; claims alleging breach of contract; claims based on race, sex, disability, or religious matters; disclosing to third-parties any information obtained by Tower under this Agreement; wage and hour or other compensation disputes; libel and/or slander; Fair Credit Reporting Act violations; wrongful discharge; and providing third-parties information about Employee's performance or facts of Employee's discharge or quitting, or any other matter relating to or concerning the Employee's relationship to Tower. There will be no right or authority for any dispute to be brought, heard or arbitrated as a class or collective action.

(*Id.*) (footnote added).

---

[1] Paragraph 4 contemplates equitable relief in the form of a temporary restraining order and/or preliminary and permanent injunctive relief, none of which is at issue in this case.

The Plaintiff filed this action on September 9, 2019, alleging that she was discriminated against on the basis of her sex when she was terminated for failing to agree to relocate from Dothan, Alabama and asserting a claim of breach of contract.

## STANDARD OF REVIEW

Pursuant to the Federal Arbitration Act ("FAA"), "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy . . . arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The parties agree that a valid agreement to arbitrate exists between the parties, and they do not dispute that the arbitration provisions satisfy the FAA's requirement of a contract "involving commerce." *Id*. Consequently, the court concludes that the parties' joint motion to compel arbitration pursuant to the FAA should be granted.

There remains, however, the parties' motion to stay or dismiss the case without prejudice. Although 9 U.S.C.§ 3 suggests the Court "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement," the circumstances of this case support dismissal without prejudice.

> Although 9 U.S.C. § 3 speaks in terms of requiring a stay when an action is referred to arbitration, the weight of authority from district courts within this Circuit (and other circuit courts of appeals) supports a dismissal of an action when, due to an order compelling arbitration, there are no substantive claims left pending before the district court. *Halford v. Deer Valley Home Builders, Inc.*, No. 2:07cv180-ID(WO), 2007 WL 1229339 at *3 (M.D. Ala. Apr. 25, 2007); *see also Clayton v. Woodmen of World Life Ins. Soc.*, 981 F. Supp. 1447, 1451 (M.D. Ala. 1997); *Dale v. Comcast Corp.*, 453 F. Supp. 2d 1367, 1378 (N.D. Ga. 2006)(citing *Choice Hotels Int'l, Inc. v. BSR*

3

> *Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001)); *Gilchrist v. Citifinancial Servs., Inc.*, No. 6:06cv1727-ORL-31KRS, 2007 WL 177821, *4 (M.D. Fla. Jan. 19, 2007). Furthermore, although the Eleventh Circuit has not directly addressed the propriety of dismissal in lieu of a stay under 9 U.S.C. § 3, it has "frequently affirmed where the district court compelled arbitration and dismissed the underlying case." *Gilchrist*, 2007 WL 177821 at *4 (citing *Samadi v. MBNA Am. Bank, N.A.*, 178 Fed. Appx. 863 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 494 (2006); *Caley v. Gulf Stream Aerospace Corp.*, 428 F.3d 1359 (11th Cir. 2005); *Jackson v. Cintas Corp.*, 425 F.3d 1313 (11th Cir. 2005)).

*Smith v. RJC, LLC*, 2018 WL 3848407, at *2 (N.D. Ala. 2018).

Section 3 was "not intended to limit dismissal of a case in the proper circumstances." *Alford v. Dean Witter Reynolds,* Inc., 975 F.2d 1161, 1164 (5th Cir. 1992).

> Although we understand that plaintiff's motion to compel arbitration must be granted, we do not believe the proper course is to stay the action pending arbitration. Given our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose. Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law.

*Id*.

The parties agree that all claims raised in this litigation are properly resolved in arbitration. Upon completion of the arbitration, there would be no claims remaining for this Court to decide on the merits.

Consequently, the Court concludes that the parties' joint motion to dismiss without prejudice is due to be granted and the alternative motion to stay is due to be denied.

4

## CONCLUSION

For the reasons as stated, and for good cause it is

ORDERED as follows:

1. the parties' joint motion to compel arbitration (doc. 13) is GRANTED, and the parties shall submit to arbitration in accordance with the provisions of the arbitration agreement;

2. the parties' joint motion to stay (doc. 13) is DENIED; and

3. the parties' joint motion to dismiss without prejudice (doc. 13) is GRANTED, and this case is DISMISSED without prejudice.

A separate final judgment will be entered.

Done this 16th day of December, 2019.

        /s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE